Nott, J.
delivered the opinion of the Court.
If the mistake, in this case, had been in the quality of the articles only, I am inclined to think the plaintifis would have been without redress, unless application had been made to the defendant, before he had sold or made use of them. *394 For every person is supposed to know the price of his own goods; and the cheapness of the article, may be the principal inducement of the purto buy. But where it depends upon quantity or number, so that he must have been sensible of the mistake, and knew that he had received twice as much as he was entitled to, common honesty required that he should have returned the surplus, or paid for it. And the keeping of -the goods, and converting them to his own use, amounted to a tacit consent on his part, that he would pay for them; and the law will imply a promise to do so. Wherever one person has got the money of another by fraud, extortion, or by taking an undue advantage of the plaintiff’s situation, or in any other manner, in which, ex eqno eí bono, he ought not to retain it; an action for money had and l'eceived, will lie to recover it back. Where a person has received money mala fide, the law will raise an implied promise to pay to the person entitled to receive it, notwithstanding the uniform and express declarations of the defendant, to the contrary. I am of opinion that the plaintiffs are entitled to recover either on the count for goods sold and delivered, or for money had and received, for their use. I do not know that I am authorized to say that my brethren concur with me, that the action could be sustained on the count for goods sold and delivered; but we all agree that it might on the other count. And the value of the goods, or the price paid by *395 the defendant for the other half, might either of them have been taken by the Jury as the measure __ _ - of damages. 7 Johnson 132, Tuttle vs. Mayo, 2 Comyn on Cont. 19.20. 81. There is no entertained by the Court, that the plaintiffs are entitled to recover in some form of action. And although I am not disposed to extend the principle, that a new trial ought not to be granted, where justice has been done, although there may be some technical objections, yet, in this case, I should feel disposed to say with Chief Justice Wilmot, “ the Court will not look with eagle’s eyes, to see whether the evidence applies exactly or not to the case; when they see that the plaintiff lias obtained a verdict for such damages as he deserves, they will establish such verdict, if it be possible.”
Kennedy, for the motion.
Hayne, contra.
The motion for a new trial must be refused.